IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARVEY R. JOHNSON,**

    **Petitioner,**

v.                                                       **Civil Action No. 1:19cv63**
                                                            **(Judge Kleeh)**

**WARDEN SAAD,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 20, 2019, the *pro se* petitioner, Harvey R. Johnson ("Johnson"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a Bureau of Prisons ("BOP") disciplinary hearing in which he was sanctioned with the loss of Good Conduct Time ("GCT"). ECF No. 1. On March 21, 2019, Johnson paid the $5 filing fee. ECF No. 4.

By Order entered October 8, 2019, the Respondent was directed to show cause why the writ should not be granted. ECF No. 6. On October 23, 2019, Petitioner moved to supplement his petition. ECF No. 9. That same day, Respondent filed a Motion to Dismiss or for Summary Judgment with a memorandum in support. ECF Nos. 10, 11. Because Petitioner was proceeding *pro se*, on October 28, 2019, a Roseboro Notice was issued, advising Petitioner of his right to respond to the Warden's dispositive motion. ECF No. 14. Petitioner's motion to supplement was granted later that day and the Clerk was directed to docket the motion as a supplement to the petition. ECF No. 12. On October 31, 2019, Petitioner filed a response in opposition to Respondent's motion to dismiss. ECF No. 15. On December 3, 2019, Petitioner filed a motion for summary judgment. ECF No. 17.

1

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

## II. Factual and Procedural History[1]

### A. Conviction, Sentence, and Direct Appeal

On August 7, 2002, in the Middle District of Florida, Petitioner and four others were charged in a three-count indictment with the commission of various bank robbery-related crimes. Petitioner was charged in all three counts, and on April 22, 2003, he pled guilty to all three charges without a plea agreement. ECF No. 252. On August 13, 2003, Petitioner was sentenced to a total term of 270 months imprisonment on the three charges. ECF No. 289. Judgment was entered August 15, 2003. ECF No. 291.

On August 19, 2003, Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals. ECF No. 292. The Eleventh Circuit affirmed on June 23, 2004 in an unpublished opinion. ECF No. 351. Mandate issued July 23, 2004. Id.

Petitioner's anticipated Good Conduct Time release is February 27, 2022.[2]

## III. The Pleadings

### A. The Petition

Petitioner contends that the BOP unlawfully revoked 7 days of his GTC as a result of its Disciplinary Hearing Officer's ("DHO") June 7, 2007 decision that he was guilty of a Code 305 violation (Possession of Anything Not Authorized), because the evidence was insufficient to

---

[1] Unless otherwise noted, the information in this section is taken from Johnson's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Johnson, No. 6:02cr88-1. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[2] See the BOP's online inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited June 2, 2020).

support the offense conviction. ECF No. 1 at 5. Petitioner was charged with possessing a fan that was altered to place a speaker inside. Id. The item was discovered during a February 23, 2007 search of his cell. ECF No. 1-4. Petitioner argues that the DHO report's quoting the Incident Report as saying that he admitted ownership of the item by signing a confiscation form is incorrect, because he did not sign the confiscation form to acknowledge ownership, but only to say that "because it was not mine, I did not care what was done with the items. (i.e. could be donated or destroyed)." ECF No. 1-1 at 1.  Petitioner emphatically avers that he never admitted to owning the item, either in the confiscation form or at the DHO hearing; rather, he says, he always specifically denied ownership, saying that the item was his cellie's, who told him "it was okay to destroy it, that's why I signed the form." Id. at 1 – 2. Attached to the petition are copies of Incident Report #1573284; a March 3, 2007 form titled Confiscation and Disposition of Contraband; and the September 4, 2007 DHO Report.  See ECF Nos. 1-4, 1-3 and 1-2.

It is unclear whether Petitioner exhausted his administrative remedies before filing suit: Petitioner appears to both aver that he did not exhaust his administrative remedies because it was "not required" while also stating that he did in fact present his claim to the BOP prior to filing suit, but that the claim was denied. Id. at 8.

As relief, Petitioner requests that this Court order the BOP to expunge the DHO conviction and restore his GCT. Id.

In the supplement to his petition, Johnson points out that a further point in support of his claim that the evidence was insufficient to support his conviction of the offense is that there are no photos of the alleged contraband fan with a speaker, "therefore, there is no evidence [it] ever existed[.]" ECF No. 13 at 1 - 2.

B. **Respondent's Motion to Dismiss or for Summary Judgment**

Respondent contends that the petition should be dismissed or summary judgment granted in its favor because Petitioner received the full panoply of due process protections to which he was entitled, as set forth in Wolff v. McDonnell[3] and the evidence supported the disciplinary findings. ECF No. 11 at 1. Respondent concedes that Petitioner did exhaust his administrative remedies with regards to this claim. See Declaration of Destiny Spearen, Paralegal for the BOP's Consolidated Legal Center, ECF No. 11-1, ¶6 at 2.

Attached to Respondent's memorandum in support are a sworn declaration and a number of exhibits. See ECF No. 11-1.

**C. Petitioner's Response in Opposition**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same. ECF No. 15. He attaches a sworn declaration, reiterating the same. ECF No. 15-1.

**D. Petitioner's Motion for Summary Judgment**

Petitioner asks the Court to construe his reply as well as his instant motion as a cross-motion for summary judgment "in light of the overwhelming (undisputable) evidence which supports" his claim. ECF No. 17.

**IV. Standard of Review**

**A. Motion to Dismiss Fed.R.Civ.P. 12(b)(6)**

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *see also* Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (applying the Twombly standard and emphasizing the necessity of *plausibility*). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to

---

[3] Wolff v. McDonnell, 418 U.S. 539 (1974).

be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996). In Twombly, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," id. at 555, upheld the dismissal of a Complaint where the plaintiffs did not "nudge[] their claims across the line from conceivable to plausible." Id. at 570. Although courts are to liberally construe *pro se* pleadings, *pro se* pleadings are not exempt from "Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano, 521 F.3d at 304 n.5.

**B. Motion for Summary Judgment, Fed.R.Civ.P. 56**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed.R.Civ.P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

A *pro se* party's pleadings are generally construed more liberally and held to a less stringent standard than pleadings drafted by an attorney. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, even under that deferential standard, this Court can "pierce the veil of a complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

## V. Analysis

**Prison Disciplinary Proceedings**

Prison disciplinary proceedings are not criminal prosecutions. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Therefore, prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in . . . [criminal] proceedings." Id. When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

> 1) giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;
>
> 2) providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;

> 3) allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
>
> 4) permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
>
> 5) providing impartial fact finders.

Id. at 564-571. However, due process requirements are defined by the United States Constitution, not an agency's regulations or guidelines. Sandin v. Conner, 515 U.S. 472, 485 (1995). Therefore, a violation of an agency regulation alone does not immediately constitute a constitutional claim. United States v. Caceres, 440 U.S. 741, 751-52 (1978).

In this case, as noted above, the contraband was discovered on February 23, 2007. On March 3, 2007, at 2:00 pm, Petitioner was called to the Lieutenant's office "and questioned about some items that were taken from his cell on February 23, 2007 as part of an ongoing investigation." ECF No. 11-1 at 9. Petitioner did sign a Confiscation and Disposition of Contraband form, but omitted filling out §§ 6 and 7(a)(b), to claim ownership and direct the disposition of the item by having it mailed to a destination of his choice. Id. at 22. Rather, he signed at § 7(c), "other," to specify that the item could be donated to the institution or destroyed. Id.

The Unit Discipline Committee ("UDC") noted that Petitioner "claims the fan was not his and [he] did not claim ownership. States that he does not have any property [yet] and just transferred here and [has] still not received his property." Id. at 10. Incident Report #1573284 was prepared that same day, charging Petitioner with Offense Code 305, "possession of anything unauthorized" and Offense Code 219, stealing, because "[i]nmates are not allowed to have a[n] 8 inch speaker or to purchase an 8 inch speaker. Therefore, inmate Johnson had to steal the speaker from government inventory or remove it from a mounted speaker in the institution." Id. at 9.  The

7

Incident Report stated that Petitioner "admitted the alter[ed] fan with a[n] 8 inch speaker mounted and wired inside of the fan was his. He signed a confiscation form claiming ownership [sic] and donating the items to the institution." Id.  The UDC noted that the charge was being referred to a DHO for further action. Petitioner received a copy of the Incident Report on March 3, 2007 at 6:55 pm. Id.

On March 6, 2007, BOP staff notified Johnson that a DHO would conduct a hearing to address Incident Report # 1573284. See Notice of Hearing, ECF No. 11-1 at 13.  Johnson signed to acknowledge receiving the same. Id.  That same day, Johnson signed a form to acknowledge that BOP staff explained his rights as an inmate facing discipline. See Inmate Rights Form, ECF No. 11-1 at 17.

Johnson was advised of his right to call witnesses and present documentary evidence at the disciplinary hearing. See Notice of Discipline Hearing; Inmate Rights Form. ECF Nos. 11-1 at 13 and 17. However, Johnson declined the opportunity to present witnesses. See DHO Report, ECF No. 11-1 at 19, § III(B)(1).

Petitioner was afforded the right to have staff representation at the disciplinary hearing, and chose to have Rita Dupes, an ITS technician, as his representative to assist him in the disciplinary process. See Notice of Hearing, ECF No. 11-1 at 13; see also DHO Report, Id. at 22, §II (B).  At the hearing Ms. Dupes stated that she "confirmed with Counselor Harvey that this inmate did not have any property yet, because he just got there." DHO Report, Id. at 19, § I (B). Petitioner's statement was summarized as "[t]he fan with the speaker is not mine. I just got here. It was my cellmate's. My cellie told me it was okay to destroy it, that's why I signed the form." Id. at 19, § III (B).

8

Johnson received a written report following the disciplinary hearing. See DHO Report, Id. at 19 - 20. The report states that Johnson was advised of his rights as an inmate facing discipline. Id. Further, the report outlined the evidence relied upon by the DHO, the DHO's findings, the sanctions imposed, the reasons for the sanctions, and advised Johnson that he could appeal the disciplinary proceedings through the BOP administrative grievance process. Id.

Consistent with 28 C.F.R. § 541.8(b), Petitioner was provided with an independent, impartial hearing officer, E. Alexander, who was not a witness, victim, investigator, or otherwise significantly involved in the alleged offense. See DHO Report, ECF No. 11-1 § IX at 20.

The DHO's disciplinary findings were supported by sufficient evidence. "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." Superintendent Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). The standard is satisfied if there is some evidence supporting the conclusion reached by the disciplinary board. Id. In Hill, a prison disciplinary board determined that three inmates violated prison rules by assaulting another inmate. The prison disciplinary board's conclusion was supported by little evidence: a "guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted. The guard saw three other inmates fleeing together down an enclosed walkway. No other inmates were in the area." Hill, 472 U.S. at 456. Despite little evidence supporting the conclusion, the Supreme Court held that the evidence was sufficient because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Hill, 472 U.S. at 457

Here, the DHO considered a variety of evidence including the information in the incident report, investigatory memoranda, the Confiscation and Disposition of Contraband form signed by Johnson, Johnson's own statement at the disciplinary hearing, and presumably, the statement by Ms. Dupes. See DHO Report, ECF No. 11-1, § III(C), (D) at 19. Ultimately, however, regardless of Petitioner's claims to the contrary, the DHO concluded that the greater weight of the evidence supported a finding that Petitioner had in fact possessed an unauthorized item in violation of BOP policy. Id., § IV (B). Petitioner was sanctioned with the loss of 7 days of GCT and other restrictions. Id., § VI at 20.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 455. (1985). When determining whether this standard is satisfied:

> [No] examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence [is needed]. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . .

Id. at 457. In this case, the DHO found Petitioner had committed the act of possessing an unauthorized item, in violation of BOP policy. Because the item was found in Petitioner's cell, shared by Petitioner and one other inmate, and Petitioner's only defenses were that (1) he had not yet received his property so the contraband could not be his, and (2) that it was his cellmate's property and not his. The undersigned finds it notable that Petitioner, when given the opportunity to call witnesses on his behalf, did not call his cellmate as a witness to testify that it was his contraband and not Petitioner's. Moreover, whether Petitioner's property had arrived by the time the contraband was discovered or not is irrelevant; it is still entirely possible that Petitioner gained possession of the item(s) after his arrival at the institution; thus, the undersigned finds that the

DHO's decision is supported by "some evidence." There being no genuine issue of material fact, the undersigned finds that summary judgment should be granted to the Respondent.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss or for Summary Judgment [ECF No. 10] be **GRANTED** and the petition [ECF No. 1] be **DENIED** and **DISMISSED with prejudice.**

Further, the undersigned RECOMMENDS that Petitioner's pending motion for summary judgment [ECF No. 17] be **DENIED as moot**.

The parties shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Martinez by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record.

DATED: June 4, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE