IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HARVEY R. JOHNSON,**

    **Petitioner,**

v.                                                      Civil Action No. 1:19-CV-63
                                                                  (Kleeh)

**WARDEN SAAD,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 18],
GRANTING RESPONDENT'S MOTION TO DISMISS OR MOTION
FOR SUMMARY JUDGMENT [DKT. NO. 10], DENYING AS MOOT
PETITIONER'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 17] AND
"WRIT OF MANDAMUS" [DKT. NO. 21], OVERRULING PETITIONER'S
OBJECTIONS [DKT. NO. 19] AND DISMISSING PETITION [DKT. NO. 1]**

On March 20, 2019, pro se Petitioner, Harvey R. Johnson ("Petitioner"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1]. The petition challenges the Bureau of Prison's ("BOP") disciplinary hearing in which he was sanctioned with the loss of Good Conduct Time ("GCT") [Id.]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") for initial screening and a report and recommendation.

### I.   Introduction and Procedural History

On October 23, 2019, Petitioner moved to supplement the Petition [Dkt. No. 9] and on the same date, the Respondent filed

a *Motion to Dismiss or for Summary Judgment* [Dkt. No. 10]. On October 28, 2019, a Roseboro Notice was issued to pro se Petitioner, advising him of his right to respond to Respondent's motion [Dkt. No. 14]. Petitioner's motion to supplement the Petition was granted on that same date [Dkt. No. 12]. On October 31, 2019, Petitioner filed a response in opposition to Respondent's motion to dismiss [Dkt. No. 15], and on December 3, 2019, Petitioner filed a motion for summary judgment [Dkt. No. 17]. On June 4, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [Dkt. No. 18] recommending that Respondent's *Motion to Dismiss or Motion for Summary Judgment* [Dkt. No. 10], be granted. The R&R further recommends that the Petition be dismissed with prejudice [Dkt. No. 18 at 11]. Petitioner filed objections to the R&R on June 16, 2020 [Dkt. No. 19], and a document titled "Writ of Mandamus" on September 18, 2020 [Dkt. No. 21] which the Court will treat as a supplement to Petitioner's motion for summary judgment [Dkt. No. 17].

The R&R specifically warned that the parties had "fourteen (14) days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 18 at 11]. The R&R stated that the failure to file written objections would constitute a waiver of

appellate review by the Circuit Court of Appeals [Id.]. It further explained that the failure to file written objections also relieves the Court of any obligation to conduct a de novo review of the issue presented [Id.]. See Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The R&R was issued on June 4, 2020, and mailed to Petitioner, via certified mail, on that same date [Dkt. No. 18-1]. Service of the R&R was accepted on June 29, 2020 [Dkt. No. 20]. Petitioner filed objections to the R&R on June 16, 2020 [Dkt. No. 19], and filed a "Writ of Mandamus" on September 18, 2020 [Dkt. No. 21].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

For the reasons articulated below, this Court finds that the Magistrate Judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Factual Background

As set forth in the R&R, on August 7, 2002, in the Middle District of Florida, Petitioner and four others were charged in a three-count indictment with the commission of various bank robbery related crimes. Petitioner was charged in all three counts, and on April 22, 2003, Petitioner pled guilty to all three charges without a plea agreement [United States v. Johnson, No. 6:02-cr-88-1, M.D. Fla., Dkt. No. 252]. Petitioner was sentenced to a total term of 270 months imprisonment on the three charges [Id. at Dkt. No. 289]. Judgment was entered on August 15, 2003 [Id. at Dkt. No. 291]. Petitioner filed an appeal on August 19, 2003 [Id. at Dkt. No. 292], and the Eleventh Circuit affirmed Petitioner's sentence on June 23, 2004 by unpublished opinion [Id. at Dkt. Nos. 292, 351]. Petitioner's anticipated Good Conduct Time release is February 27, 2022 [Dkt. No. 18 at 2].

In this matter, Petitioner contends that the BOP unlawfully revoked seven (7) days of his GTC as a result of a Disciplinary Hearing Officer's ("DHO") June 7, 2007 decision that he was guilty of a Code 305 violation (Possession of Anything not Authorized) [Dkt. No. 1]. Petitioner contends that the evidence was insufficient to support the DHO's decision [Id.]. In the incident, Petitioner was charged with possessing a fan that was altered to place a speaker inside [Id.]. The item was discovered during a February 23, 2007 search [Id.].

Petitioner argues that the DHO report is incorrect because Petitioner did not sign the confiscation form to acknowledge ownership of the fan [Dkt. No. 1]. He claims that he signed the confiscation form only to say that "because it was not mine, I did not care what was done with the items. (i.e., could be donated or destroyed)" [Id.]. Petitioner insists that he never admitted to owning the item, either on the confiscation form or at the DHO hearing; rather, he says that he has always denied ownership, saying that the item was his "cellie's," who told him "it was okay to destroy it, that's why I signed the form" [Id.]. Attached to the Petition are copies of Incident Report #1573284; a March 3, 2007 form titled Confiscation and Disposition of Contraband; and the September 4, 2007 DHO Report [Dkt. Nos. 1-4, 1-3 and 1-2].

As relief, Petitioner requests that the Court order the BOP to expunge the DHO conviction and restore his GCT [Dkt. No. 1]. In his supplement to the Petition, Petitioner notes that a further point that supports his claim that the evidence was insufficient to support his conviction for the offense is that there are no photos of the alleged contraband fan with a speaker, "therefore, there is no evidence [it] ever existed" [Dkt. No. 13 at 1-2].

Respondent argues that dismissal or summary judgment are appropriate because Petitioner received all procedural due process protections to an inmate facing discipline [Dkt. No. 11 at 3]. Respondent notes that a staff member assisted Petitioner at the

disciplinary hearing to address Incident Report 1573284 on June 7, 2007 but that Petitioner declined to present witnesses on his behalf [Id. at 4]. Respondent also states that Petitioner originally admitted to the investigating lieutenant that the unauthorized item was his, as reflected in the incident report [Id.]. The disciplinary hearing officer concluded that Petitioner possessed an unauthorized item in violation of BOP policy and specifically explained the reasons for the sanctions, including the fact that an inmate possessing an unauthorized item is a security threat [Id.].

Petitioner responded to the motion to dismiss/motion for summary judgment and attached a sworn declaration in support of the response and his claims raised in the Petition [Dkt. No. 15]. His response notes that he had just arrived at the institution and did not have property with him at the time of the February 2007 incident [Id. at 3]. Petitioner filed his own motion for summary judgment [Dkt. No. 17] and requested a finding in his favor on the Petition in light of the overwhelming evidence in support of his claim.

### III. Standard of Review

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations

to which the [parties do] not object." Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Petitioner's petition will be liberally construed because he is proceeding *pro se*. See Estelle v. Gamble, 429 U.S. 97 (1976).

Timely, specific objections are necessary to focus the court's attention on disputed issues. Thomas v. Arn, 474 U.S. 140, 148 (1985). General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report. Howard v. Secretary of Health & Human Servs. 932 F.2d 505, 529 (6th Cir. 1991); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

Petitioner's objections [Dkt. No. 38] are addressed to Respondent's arguments in support of the motion to dismiss/motion

7

for summary judgment as well as the Magistrate Judge's recommendation. The Court will only address the objections directed to the R&R.

### IV. Legal Standard

#### a. Habeas Corpus Generally

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The sole remedy in federal court for a prisoner seeking restoration of good time credits or seeking to invalidate his disciplinary conviction is a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641 (1997); Preiser, 411 U.S. at 475. Moreover, a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004)(citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(*en banc*)); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).

#### b. Motion to Dismiss

As to the failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (1989). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp.

8

v. Twombly, 550 U.S. 544, 570 (2007)). Although *pro se* pleadings are to be liberally construed, a plaintiff must do more than make vague and conclusory statements to state a claim for relief. Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1993). A plaintiff must allege facts that actually support a plausible claim for relief. Iqbal, 556 U.S. at 678.

Courts liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 5 (1980)(per curiam). The liberal construction that is afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court need not rewrite a complaint to "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). "Liberal construction" does not mean that a court will ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal court." Weller v. Dep't. of Social Servs., 901 F.2d 387 (4th Cir. 1990).

c. **Motion for Summary Judgment**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### V.    Discussion

The Court has thoroughly reviewed the record and finds no error in the Magistrate Judge's R&R. First, Petitioner's objections repeat his arguments to Respondent's motion, and contend that the R&R "simply just provided a list of procedural history" and failed to analyze the issues [Dkt. No. 19 at 1]. Petitioner accuses the Magistrate Judge of adopting the role of Respondent in its findings against Petitioner [Id. at 3-4]. Petitioner asserts that the R&R also fails to specifically address the inadequate confiscation form and the lack of photographs of the contraband [Id. at 4]. Petitioner argued these points in

support of his claim of innocence and his contention that the contraband never existed [Id. at 4; Dkt. No. 18 at 2-3].

The Magistrate Judge relayed the facts surrounding the disciplinary incident that involved the contraband fan taken from his cell on February 23, 2007, Petitioner's questioning by a Lieutenant on March 3, 2007, and his signature on a Confiscation and Disposition of Contraband form [Dkt. No. 18 at 7]. The Unit Discipline Committee ("UDC") noted Petitioner's claim that the fan was not his and that he did not claim ownership [Id.]. Petitioner argued at the time that he did not have any property because he was just transferred to the facility [Id.]. Incident Report #1573284 was prepared that same day and Petitioner was charged with Offense Code 305 and Offense Code 219 [Id.]. The Incident Report also notes that Petitioner "admitted the alter[ed] fan with a[n] 8 inch speaker mounted and wired inside of the fan was his." [Id.]. The UDC referred the charge to a DHO for further action and Petitioner received a copy of the Incident Report on March 3, 2007 at 6:55 p.m. [Id.].

Petitioner was notified on March 6, 2007, that a DHO would conduct a hearing to address the incident [Dkt. No. 18 at 8; Notice of Hearing, Dkt. No. 11-1 at 13]. Petitioner acknowledged he received the notice and signed a form to acknowledge that BOP staff explained his rights as an inmate facing discipline [Id.; Inmate Rights Form, Dkt. No. 11-1 at 17]. Petitioner was advised of his

11

right to call witnesses and present documentary evidence at the disciplinary hearing, and he declined to present witnesses [Id.; Notice of Discipline Hearing; Inmate Rights Form, Dkt. Nos. 11-1 at 13, 17; DHO Report, Dkt. No. 11-1 at 19, § III(B)(I)]. Petitioner was afforded the right to have staff representation at the hearing and chose to have Rita Dupes, an ITS technician, as his representative [Id; Notice of Hearing, Dkt. No. 11-1 at 13; DHO Report, Dkt. No. 11-1 at 19, § I(B)]. At the hearing, Dupes stated that she "confirmed with Counselor Harvey that this inmate did not have any property yet, because he just got there" [Id.; DHO Report, Dkt. No. 11-1 at 19, § I(9)(B)]. Petitioner's statement was summarized as "[t]he fan with the speaker is not mine. I just got here. It was my cellmate's. My cellie told me it was okay to destroy it, that's why I signed the form" [Id.; Dkt. No. 11-1 at 19, § III(B)].

The written report from the disciplinary hearing was provided to Petitioner, and outlined the evidence relied upon by the DHO, the findings, the sanctions imposed, the reasons for the sanctions, and advised Petitioner that he could appeal the proceedings through the BOP administrative grievance process [Dkt. No. 18 at 9; Dkt. No. 11-1 at 19-20]. Petitioner was provided with an independent, impartial hearing officer who was not a witness, victim, investigator, or otherwise significantly involved in the alleged offense in accordance with 28 C.F.R. § 541.8(b) [Id. at 9].

The Court finds that Petitioner received the procedural due process to which he was entitled for a disciplinary action. Moreover, the Court agrees with the Magistrate Judge that the DHO disciplinary findings were supported by sufficient evidence. Prisoner disciplinary proceedings are not criminal prosecutions and prisoners do not enjoy "the full panoply of due process rights [in prison disciplinary proceedings that are] due a defendant in … [criminal] proceedings." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prisoner disciplinary hearing may result in the loss of good time credits, due process requires the following:

> 1) giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;
>
> 2) providing the prisoner a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action;
>
> 3) allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be an undue hazard to institutional safety or correctional goals;
>
> 4) permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and
>
> 5) providing impartial fact finders.

Id. at 564-71. However, due process requirements are defined by the United States Constitution, not an agency's regulations or

guidelines. Sandin v. Conner, 515 U.S. 472, 485 (1995). Therefore, a violation of an agency regulation alone does not immediately constitute a constitutional claim. United States v. Caceres, 440 U.S. 741, 751-52 (1978).

"[R]evocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). "Ascertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is 'meager.'" Id. 472 U.S. at 457.

The DHO considered a variety of evidence in making his findings. Regardless of Petitioner's arguments here, the DHO concluded that the greater weight of the evidence supported a finding that Petitioner had in fact possessed an unauthorized item in violation of BOP policy. As a result, Petitioner was sanctioned with the loss of seven (7) days of GCT and other restrictions. The Court need not examine the entire record from the disciplinary

proceeding, make an independent assessment of the credibility of witnesses, or weigh the evidence. Hill, 472 U.S. at 457. Rather, the results of a disciplinary proceeding will be upheld so long as there is "some evidence" to support the decision. Id.

Here, the item of contraband was found in Petitioner's cell which he shared with another inmate, and Petitioner claimed that he had not yet received his personal property so the contraband could not be his and that it was his cellmate's property. Petitioner did not present his cellmate as a witness when given the opportunity and, as the Magistrate Judge found, it was possible that Petitioner could have obtained the contraband after his arrival at the institution. Petitioner also initially admitted to an investigating Lieutenant that the contraband was his. It is irrelevant that photographs of the contraband were not presented because the DHO's decision is supported by "some evidence". The protections recognized in Wolff and Hill do not require that all physical evidence or photographs received be presented to the inmate at the disciplinary hearing, be attached to the DHO Report, or be presented in defense of a § 2241 petition. See Colon v. Ratledge, C.A. 7:17CV00219, 2019 WL 245920, at *4 (W.D. Va. Jan. 17, 2019). Because there is some evidence from which the DHO could find the Petitioner committed the prohibited act, the Magistrate Judge's recommendation that Respondent's motion for summary

judgment be granted is correct. Petitioner is not entitled to the relief he requests.

## VI.  Conclusion

Upon careful review of the Report and Recommendation [Dkt. No. 18], and for the reasons stated, the Court **ORDERS**:

(1) That the Report and Recommendation [Dkt. No. 18] be **AFFIRMED and ADOPTED** for the reasons more fully set forth therein;

(2) That Respondent's *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* [Dkt. No. 10] is **GRANTED**;

(3) That Petitioner's Objections [Dkt. No. 19] are **OVERRULED**;

(4) That Petitioner's *Motion for Summary Judgment* [Dkt. No. 17] and "*Writ of Mandamus*" [Dkt. NO. 21] be, and they hereby are, **DENIED AS MOOT**;

(5) That Petitioner's application for habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 1] be, and it hereby is, **DENIED** and **DISMISSED WITH PREJUDICE**; and

(6) That this matter be **STRICKEN** from the active docket of this Court.

The Court further **DIRECTS** the Clerk to enter judgment in favor of Respondent.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the *pro se* Petitioner, by certified mail, return receipt requested.

**DATED:** November 5, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE